UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ANGLIN,<br><br>                    Plaintiff,<br><br>          v.<br><br>M. PRATTI, et al.,<br><br>                    Defendants. | Case No. 1:19-cv-01334-NONE-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL, WITHOUT PREJUDICE<br><br>(ECF No. 37) |

Plaintiff Raymond Anglin is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On February 1, 2021, Plaintiff filed a notice of voluntary dismissal, along with a separate declaration in support thereof. (ECF Nos. 37, 38.) Plaintiff's notice of voluntary dismissal is deficient.

Pursuant to Federal Rule of Civil Procedure, a plaintiff may voluntarily dismiss an action without a court order by filing:

   (i)  a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

   (ii) a stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1)(A).

///

1

Because Defendants have filed an answer, this action cannot be dismissed pursuant to Rule 41(a)(1)(A)(i).

In his notice of voluntary dismissal, Plaintiff contends that all the parties have resolved the case and stipulate to dismissal. However, the notice of voluntary dismissal is not signed by Defendants' counsel and is therefore deficient. To the extent Plaintiff is attempting to negotiate a stipulation of dismissal, he should serve such proposal on Defendants only and not the Court. If the parties believe that a further court settlement conference would be beneficial, they may so request.

Based on the foregoing, Plaintiff's notice of voluntary dismissal is denied, without prejudice.

IT IS SO ORDERED.

Dated: __**February 8, 2021**__          _____
                                      UNITED STATES MAGISTRATE JUDGE