UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ANGLIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. PRATTI, et al.,<br><br>　　　　Defendants. | Case No. 1:19-cv-01334-NONE-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF OPPORTUNITY TO SUBMIT DECLARATION, SIGNED UNDER PENALTY OF PERJURY, IN SUPPORT OF HIS OPPOSITION FILED ON FEBRUARY 1, 2021<br><br>(ECF No. 42) |

Plaintiff Raymond Anglin is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On December 30, 2020, Defendants filed a motion for summary judgment for failure to exhaustion the administrative remedies.

On February 1, 2021, Plaintiff filed an opposition to Defendants' motion for summary judgment which was entered on the docket on February 17, 2021.  Defendants filed a timely reply on February 24, 2021.

Plaintiff's opposition is not signed under penalty of perjury, and Plaintiff did not submit a declaration signed under penalty of perjury in support of his opposition.

Federal Rule of Civil Procedure 56(c)(1) requires a party to support its factual positions by citing to, among other things, affidavits or declarations.  Rule 56(c)(4) of the Federal Rules of Civil Procedure states that affidavits and declarations submitted for or against a summary judgment motion

1

"must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Thus, only admissible evidence may be considered by the court. <u>Beyene v. Coleman Sec. Services, Inc.</u>, 854 F.2d 1179, 1181 (9th Cir. 1988). Inadmissible hearsay cannot be considered on a motion for summary judgment. see <u>Anheuser-Busch v. Natural Beverage Distrib.</u>, 69 F.3d 337, 345 n.4 (9th Cir. 1995). Further, when "any law of the United States" requires any matter to be supported by an affidavit, the declarant must swear under the penalty of perjury of the laws of the United States that the matters described in the affidavit are true and correct." 28 U.S.C. § 1746(2).

Here, Plaintiff did not submit a declaration, signed under penalty of perjury, in support of the contents of his opposition to Defendants' motion for summary judgment. Without the proper verification, the Court cannot consider any of the content of Plaintiff's opposition as evidence in determining whether a genuine issue of material facts exists. Therefore, to the extent Plaintiff wishes the Court to consider any of the content of his opposition, he must file a declaration and attest under penalty of law that the contentions are true and correct.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff is granted **twenty-one (21)** days from the date of service of this order to submit a declaration, signed under penalty of perjury, as to any or all of contents of Plaintiff's opposition filed on February 1, 2021; and
2. Defendants are granted seven (7) days from the date that Plaintiff files a declaration to file a reply.

IT IS SO ORDERED.

Dated:   **March 9, 2021**

UNITED STATES MAGISTRATE JUDGE