UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ANGLIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. PRATTI, et al.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-01334-JLT-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S THIRD MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 53) |

Plaintiff Raymond Anglin is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's third motion for appointment of counsel, filed May 13, 2022.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether

1

"exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate [her] claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Plaintiff contends that he is unable to afford counsel, his imprisonment greatly limits his ability to prosecute the case, a trial will likely involve conflicting testimony and counsel could better enable Plaintiff to present evidence and cross-examine witnesses, and Plaintiff has made numerous attempts to obtain a lawyer. Even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, her case is not exceptional. The Court is faced with similar cases almost daily. While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and her incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.") Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. A review of the docket in this case reflects that Plaintiff is able to articulate his claims and prosecute this action which proceeds on claims of excessive force and failure to intervene. Accordingly, Plaintiff's third motion for the appointment of counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated: __May 17, 2022__  

UNITED STATES MAGISTRATE JUDGE