UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ANGLIN,<br><br>            Plaintiff,<br><br>    v.<br><br>M. PRATTI, et al.,<br><br>            Defendants. | Case No. 1:19-cv-01334-JLT-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S FOURTH MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 57) |

Plaintiff Raymond Anglin is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's fourth motion for appointment of counsel, filed June 21, 2022. (ECF No. 57.)

On April 18, 2022, the Court issued a second scheduling order setting a trial confirmation hearing for October 14, 2022, and a jury trial for November 28, 2022. (ECF No. 52.) On May 18, 2022, the Court denied Plaintiff's third motion for appointment of counsel. (ECF No. 54.) On June 15, 2022, the Court denied Plaintiff's motion to appoint a mediator and schedule a mediation. (ECF No. 56.)

In the current motion, Plaintiff argues that first, he does not have the help of "Inmate Assistance," that he has used to help him the past three years in litigating this action. (ECF No. 57 at 1.) Plaintiff states he has a disability and inability to conduct further investigation and does not have legal knowledge to proceed in the final stages of this action. (Id. at 2.) Plaintiff attaches a declaration

1  of Joshua Pardue, who declares that he helped with the summary judgment motion adjudicated in this
2  matter, and avers that he "relay[ed] the issues to my family member on the street, we came to an
3  agreement that they will assists in what[]']s needed for a fee of $700." (ECF No. 57 at 4.)  Mr. Pardue
4  states that it will cost $1,300 for assistance with the trial confirmation hearing and pretrial statements,
5  and thus states that the amount of assistance his family and him contributed to Plaintiff's litigation has
6  cost him $2,000.  (Id.)

7  Plaintiff also attaches a declaration of Martell Sutton, who declares that he does not have time
8  to assist Plaintiff with this action, but would help him with the motion to appoint counsel; that him and
9  Plaintiff have been diagnosed with serious mental disorders; and Plaintiff lacks legal knowledge.
10 (ECF No. 57 at 6.)

11 Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.
12 Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent
13 plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern
14 District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court
15 may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at
16 1525.

17 Without a reasonable method of securing and compensating counsel, the Court will seek
18 volunteer counsel only in the most serious and exceptional cases.  In determining whether
19 "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the
20 merits [and] the ability of the [plaintiff] to articulate [their] claims pro se in light of the complexity of
21 the legal issues involved."  Id. (internal quotation marks and citations omitted).

22 In the present case, the Court does not find the required exceptional circumstances.  Even if it
23 assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if
24 proved, would entitle him to relief, his case is not exceptional.  The Court is faced with similar cases
25 almost daily.  While the Court recognizes that Plaintiff is at a disadvantage due to his *pro s*e status and
26 his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel.  See
27 Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of
28 further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the

facts necessary to support the case.")  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.   Although Plaintiff's current motion avers to previous assistance and lack of available current assistance, a review of the docket in this case reflects that Plaintiff is able to articulate his claims and prosecute this action which proceeds on claims of excessive force and failure to intervene.  The declarations attached describing that Plaintiff has received legal assistance, and apparently owes or will owe another inmate $2,000 for legal assistance previously provided and to be provided, does not demonstrate exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's fourth motion for the appointment of counsel is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **June 22, 2022**

UNITED STATES MAGISTRATE JUDGE