# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ANGLIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. PRATTI, et al.,<br><br>　　　　Defendants. | Case No. 1:19-cv-01334-JLT-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESS<br><br>(ECF No. 59) |

Plaintiff Raymond Anglin is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

This case is currently set for jury trial before the District Judge Jennifer L. Thurston on November 28, 2022.

Currently before the Court is Plaintiff's motion for the attendance of incarcerated witnesses, filed July 11, 2022. Defendants did not file an opposition and the time to do so has passed.

**I.**

**DISCUSSION**

The uncertainty regarding whether or not the proposed witnesses are willing to testify voluntarily does not preclude this Court from ordering their transportation. Rather, in determining whether to grant Plaintiff's motion for the attendance of his proposed witnesses, factors to be taken into consideration include (1) whether the inmate's presence will substantially

1 further the resolution of the case, (2) the security risks presented by the inmate's presence, and
2 (3) the expense of transportation and security, and (4) whether the suit can be stayed until the
3 inmate is released without prejudice to the cause asserted. Wiggins v. County of Alameda, 717
4 F.2d 466, 468 n.1 (9th Cir. 1983); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir.
5 1994) (district court did not abuse its discretion when it concluded the inconvenience and
6 expense of transporting inmate witness outweighed any benefit he could provide where the
7 importance of the witness's testimony could not be determined), abrogated on other grounds by
8 Sandin v. Conner, 515 U.S. 472 (1995).

9       This action is proceeding on Plaintiff's first amended complaint against Defendants U.
10 Resendez, I. Cavazos, J. Amaya, T. Villalobos, J. Guerrero, R. Gomez for excessive force, and
11 against Defendants Wilburn and F. Duran for failure to intervene in violation of the Eighth
12 Amendment. Plaintiff seeks the attendance of inmate St. Pierre (CDCR No. AH7601) who was
13 his cellmate at the time of the incident on January 1, 2019. After weighting the relevant factors
14 and based on the review of Plaintiff's declaration, the Court finds that inmate witness St. Pierre
15 has first-hand knowledge of the January 1, 2019 incident at issue in this case, and Defendants do
16 not oppose Plaintiff's request. Thus, Plaintiff has sufficiently demonstrated that Mr. St Pierre's
17 presence at trial will substantially further the resolution of the case. Accordingly, Plaintiff's
18 request for the attendance of inmate witness St. Pierre shall be granted.

19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**II.**

**ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for the attendance of inmate witness St. Pierre is granted; and
2. The Court will issue the necessary writ of habeas corpus ad testificandum as to inmate St. Pierre approximately one month prior to the trial date set in this matter.

IT IS SO ORDERED.

Dated:  **August 15, 2022**

UNITED STATES MAGISTRATE JUDGE