**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAYMOND ANGLIN,<br><br>        Plaintiff,<br><br>v.<br><br>M. PRATTI, et al.,<br><br>        Defendants. | Case No. 1:19-cv-01334-JLT-SAB (PC)<br><br>ORDER ON MOTIONS IN LIMINE<br><br>(Doc. 74 and 78) |

The parties submitted several motions in limine regarding evidence expected to be presented at trial (Doc. 74; Doc. 78.) The Court finds the matters suitable for decision without oral argument pursuant to Local Rule 230(g) and General Order 618.

## I.    FACTUAL BACKGROUND

This case involves Mr. Anglin's Eighth Amendment claims against Defendants Resendez, Cavazos, Amaya, Villalobos, Guerrero, and Gomez for excessive force and against Defendants Wilburn and Duran for failure to intervene. (Doc. 81 at 1.) Mr. Anglin is a state prisoner at the California Correctional Institution (CCI) in Tehachapi, California, and proceeding pro se. (*Id.* at 1, 3.) His claims arise from an incident that occurred on January 9, 2019, the circumstances of which are largely disputed. (*Id.* at 7.) According to Mr. Anglin, on January 9, 2019, Defendants Resendez, Cavazos, Amaya, Villalobos, Guerrero, and Gomez kicked, stomped, elbowed, and kneed Mr. Anglin while he was in his cell, and then beat him again outside the cell. (*Id.*) Mr.

1  Anglin claims that Defendant Wilburn was present but failed to intervene, and that Defendant
2  Duran, as the control booth operator, opened Mr. Anglin's cell door to allow the other Defendants
3  to harm him. (*Id.*)
4        According to Defendants, they had no physical altercation at Mr. Anglin's cell. (Doc. 81
5  at 7.) Rather, they observed Mr. Anglin being disruptive in his cell, and refusing to follow orders
6  to stop being disruptive. (*Id.*) Defendants Gomez and Resendez went to Mr. Anglin's cell to
7  escort him to the program office to speak with the sergeant. (*Id.*) According to Mr. Anglin,
8  Defendants pushed Mr. Anglin to the ground while escorting him to speak with the sergeant and
9  caused him to land on his face, sustaining injuries. (*Id.*) Defendants contend, during the escort,
10 Mr. Anglin became aggressive, appeared to be intoxicated, and shouted obscenities. (*Id.*) When
11 Mr. Anglin lunged and broke away from their grasp of him, Gomez and Resendez tackled Mr.
12 Anglin to the floor and activated an alarm. (*Id.*) Defendants Amaya, Duran and Cavazos
13 responded. (*Id.*) Mr. Anglin eventually became compliant with orders to stop resisting, and he
14 was placed in leg restraints (he was handcuffed at the start of the escort). (*Id.*) The escort then
15 continued, and Mr. Anglin again became verbally abusive and attempted to break away from
16 Defendant Cavazos' grasp. (*Id.*) Gomez used physical strength to force Mr. Anglin to the ground.
17 Mr. Anglin was ordered to stop resisting, and he complied without further incident. (*Id.*) Soon
18 afterwards Mr. Anglin's property was inventoried in his cell, and contraband pruno (inmate
19 manufactured alcohol) was found there. (*Id.*)
20       Mr. Anglin asserts that he sustained abrasions, swelling and bruising to his face around
21 the eyes and abrasions at his right elbow and both knees. (Doc. 81 at 7.) Mr. Anglin also contends
22 that the injuries impacted his vision; caused facial and jaw pain; and sustained injuries to his
23 hands and arms that caused partial disability for eight months following the incident. (*Id.* at 7-8.)
24 A nurse at CCI examined Mr. Anglin shortly after the incident. (*Id.* at 8.) He was also seen by a
25 nurse the next day, and by a physician the following day. (*Id.*)

26       **II.   LEGAL STANDARDS GOVERNING MOTIONS IN LIMINE**

27       "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the
28 practice has developed pursuant to the district court's inherent authority to manage the course of

1    trials." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). The Ninth Circuit explained motions in
2    limine allow parties to resolve evidentiary disputes ahead of trial "before attempted use of the
3    evidence before the jury." *United States v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009).
4           Importantly, motions in limine seeking the exclusion of broad categories of evidence are
5    disfavored. *See Sperberg v. Goodyear Tire and Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).
6    The Court "is almost always better situated during the actual trial to assess the value and utility of
7    evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007). The Sixth Circuit
8    explained, "a better practice is to deal with questions of admissibility of evidence as they arise [in
9    trial]" as opposed to ruling on a motion in limine. *Sperberg,* 519 F.2d at 712. Nevertheless,
10   motions in limine are "an important tool available to the trial judge to ensure the expeditious and
11   evenhanded management of the trial proceedings." *Jonasson v. Lutheran Child & Family*
12   *Services*, 115 F.3d 436, 440 (7th Cir. 1997).
13          "[A] motion in limine should not be used to resolve factual disputes or weigh evidence,"
14   *C & E Services, Inc. v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D. D.C. 2008), because that is the
15   province of the jury. *See Reeves v. Sanderson Plumbing Products*, 530 U.S. 133, 150 (2000). The
16   Court will bar use of the evidence in question only if the moving party establishes that the
17   evidence clearly is not admissible for any valid purpose. *Jonasson*, 115 F. 3d at 440.
18          For example, under the Federal Rules of Evidence, any evidence that is not relevant is not
19   admissible. Fed. R. Evid. 402. To determine that evidence is relevant, the Court must find "(a) it
20   has a tendency to make a fact more or less probable than it would be without the evidence; and
21   (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Nevertheless,
22   relevant evidence may be excluded "if its probative value is substantially outweighed by the
23   danger of one or more of the following: unfair prejudice, confusing the issues, misleading the
24   jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid.
25   403.
26          The rulings on the motions in limine made below do not preclude either party from raising
27   the admissibility of the evidence discussed herein, if the evidence adduced at trial demonstrates a
28   change of circumstances that would make the evidence admissible, such as for impeachment or if

the opponent opens the door to allow for its admissibility. However, if this occurs, the proponent of the evidence **SHALL** raise the issue with the Court outside the presence of the jury. Finally, the rulings made here are binding on all parties and their witnesses and not merely on the moving party.

### III. DISCUSSION

**A. Mr. Anglin's Motion in Limine**

Mr. Anglin's motion in limine requests that the Court preclude Defendants from introducing certain character evidence he believes Defendants will use to impeach him and his witness, Mr. Jason St. Pierre. (Doc. 78.) Mr. Anglin seeks to preclude Mr. St. Pierre's criminal history; Mr. St. Pierre's prior bad acts unrelated to truthfulness; and any speculative character evidence of prior misconduct by Mr. St. Pierre or Mr. Anglin for which Defendants lack a good faith basis that those acts occurred. (*Id.*)

1. Criminal History

With respect to Mr. St. Pierre's criminal history, the Defendants argue that the Court's ruling in the pretrial order controls. (Doc. 80 at 2.) In the pretrial order, the Court addressed Defendants' request to introduce evidence of prior felony convictions of any testifying witness, including Mr. Anglin if he chooses to testify. (Doc. 81 at 5-6.) As previously explained, the Federal Rules of Evidence permit evidence of a witness's prior felony convictions (i.e., crimes which are punishable by death or by imprisonment for more than one year), if that conviction occurred within the last ten years or the release from confinement occurred within the last ten years, whichever is later. Fed. R. Evid. 609(a)-(b). The Rules allow evidence of the fact that a witness suffered a relevant felony conviction but not information about the nature or surrounding circumstances of the felony conviction unless the conviction directly bears on issues of credibility. *Crowley v. EpiCept Corp.*, 2015 WL 13827913, at *4 (E.D. Cal. Mar. 9, 2019) ("Any facts surrounding the felony conviction, however, are deemed inadmissible because the probative value of this evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury.")

In their opposition, Defendants explain that they intend to proffer evidence of Mr.

Anglin's felony assault conviction in 2017 and Mr. St. Pierre's felony conviction of attempted premeditated murder in 2010. (Doc. 80 at 2.) Both prior convictions meet Rule 609's requirements and time constraints. Mr. Anglin's 2017 conviction clearly falls within the ten-year time limit. Though Mr. St. Pierre's conviction occurred more than ten years ago, Rule 609's ten-year limit still encompasses the conviction because he has not yet been released from confinement. Fed. R. Evid. 609(b); (Doc. 80 at 2 n.1.) Although the Court has discretion to exclude certain felonies when the risk of prejudice outweighs the probative value, Mr. Anglin has not offered any reasons to suggest heightened prejudice exists with respect to these felonies. Accordingly, Defendants may question the witnesses as to whether they were convicted of a felony for impeachment purposes but may not introduce evidence concerning the circumstances of the crime. *Brown v. Kavanaugh*, 2013 WL 1124301, at *2 (E.D. Cal. Mar. 18, 2013) ("[D]efense counsel may ask Plaintiff if he has been convicted of a felony, but may not elicit testimony regarding the nature of any such felony conviction."). Therefore, Mr. Anglin's motion to exclude the witnesses' prior criminal history is **DENIED**.

    2.   Other Prior Bad Acts

With respect to the request to exclude prior bad acts other than the witnesses' felony convictions, Mr. Anglin argues that Defendants may not introduce character evidence not related to the witness's truthfulness and may not introduce evidence of prior misconduct unrelated to the case and for which Defendants lack a "good faith basis." (Doc. 78 at 3-4.)

Generally, evidence of "any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). Under Federal Rule of Evidence 608(b), parties may not introduce extrinsic evidence to prove specific instances of a witness's conduct to attack or support the witness's character for truthfulness during direct examination. However, extrinsic evidence is permissible on cross-examination, if it is probative of the witness's propensity for truthfulness. *Id.* Inquiries of misconduct on cross-examination must directly bear on the witness's credibility. *See Moore v. Richmond Police Dept.*, 497 F. App'x 702, 706 (9th Cir. 2012) (affirming admissibility of questions on cross-examination about an occasion when plaintiff lied

1    to police about his identity that occurred several years earlier). The proponent of the 608(b)
2    evidence must have a good faith basis that the misconduct occurred before making such inquiries
3    on cross-examination. *United States v. Labbad*, 2013 WL 12387562, at *4 (C.D. Cal. Nov. 6,
4    2013) (citing *United States v. Davenport*, 753 F.2d 1460, 1463-64 (9th Cir. 1985)); *see also Clark*
5    *v. City of Tucson*, 2010 WL 11515475, at *5 (D. Ariz. Nov. 1, 2010) (requiring defendants to
6    "have a good faith argument" to admit Rule 608 evidence not contained in plaintiff's criminal
7    record).

8        Defendants argue Mr. Anglin has not identified any particular acts of wrongdoing to be
9    suitable for an in limine determination. (Doc. 80 at 3.) However, Defendants explained that they
10   intend to introduce evidence that Mr. Anglin was issued and found guilty of Rules Violations
11   Reports for willfully resisting a peace officer and for possession of alcohol. (*Id.*) Defendants
12   contend these violations occurred as a result of Mr. Anglin's actions during the incident that
13   allegedly caused his injuries. (*Id.*) Because the alleged acts of misconduct that Defendants intend
14   to introduce arose from the same incident causing Mr. Anglin's injuries, they are not unrelated,
15   "other" acts of misconduct used to show a propensity for wrongdoing. *See* Fed. R. Evid. 404(b).
16   Rather, Mr. Anglin's rules violations, resulting from his resistance and intoxication during the
17   events at issue, bears directly on the elements of his excessive force claim, such as whether
18   Defendants reasonably perceived any threat. *Furnace v. Sullivan*, 705 F.3d 1021, 1028 (9th Cir.
19   2013). Thus, these Rules Violations Reports are not collateral character evidence of another
20   instance of wrongdoing or misconduct.

21       Even though the evidence of Mr. Anglin's rules violation's following the incident are not
22   impermissible character evidence, the Court finds this evidence is inadmissible under Rule 403.
23   Any relevancy of the prison administration's factual conclusions in issuing the rules violations is
24   substantially outweighed by the potential prejudicial effect. *See* Fed. R. Evid. 403. Although
25   Defendants did not explain the process by which inmates are found guilty of prison rules
26   violations, the Court is aware that the process differs from the evidentiary procedures and burdens
27   of proof that govern civil trials in federal courts. *See United States v. Vasquez*, 540 F. App'x 623,
28   626 (9th Cir. 2013) ("The evidence, burden of proof, and ultimate penalty in the prison's

1 disciplinary action were not the same as those in the criminal case."). The prison's ultimate
2 conclusion that Mr. Anglin resisted officers and possessed contraband based upon possibly
3 different standards and evidence undercuts its probative value because it invades the province of
4 the jury, which must make independent factual findings based solely on the evidence presented
5 during trial. *See Vasquez v. City of Long Beach*, 2016 WL 9114912, at *2 (C.D. Cal. Apr. 19,
6 2016) (excluding reports from the internal affairs investigation regarding the same allegations as
7 plaintiff's claims in part because the "jury will be charged with determining whether Defendants'
8 conduct was unconstitutional based on evidence that is presented during trial").

9 Moreover, the prison's decision to issue charges against Mr. Anglin for the very conduct
10 that he contends is untrue would be unfairly prejudicial and potentially cause confusion for the
11 jury in their responsibility to make independent factual findings. *See Aguilar v. City of Los*
12 *Angeles*, 853 F. App'x 92, 94-96 (9th Cir. 2021) (holding the district court did not abuse its
13 discretion by excluding in limine the findings of the LAPD investigation into whether the officers
14 used excessive force during the incident that gave rise to plaintiff's injuries because admission
15 risked juror confusion and jurors giving undue weight to the LAPD's findings). The jurors may
16 place undue weight on the prison administration's conclusions about Mr. Anglin's conduct during
17 the incident. *United States v. Wiggan*, 700 F.3d 1204, 1211 (9th Cir. 2012) ("[J]urors are likely to
18 defer to findings and determinations relevant to credibility made by an authoritative, professional
19 factfinder rather than determine those issues for themselves"). Given the substantial risk of unfair
20 prejudice, Defendants may not introduce the Rules Violations Reports resulting from Mr.
21 Anglin's conduct during the events which underlie his claims for relief.

22 Although Defendants did not identify any other prior acts of misconduct that they intend
23 to admit under Rule 608(b), should either party seek to introduce any Rule 608(b) evidence at
24 trial, they must do so in accordance with the limitations outlined above. Specifically, the parties
25 may only inquire into extrinsic evidence of a prior bad act on cross-examination that bears
26 directly on a witness's propensity for truthfulness if the proponent has a good faith basis for
27 believing such misconduct occurred. Accordingly, Mr. Anglin's motion in limine is **GRANTED**
28 **in part** and **DENIED in part** as detailed above.

**B.      Defendants' Motion in Limine**

Defendants filed a motion in limine seeking to exclude three exhibits on Mr. Anglin's exhibit list contained within the pretrial order: (1) "Medical Documents Describing Injuries"; (2) "Staff Misconduct Complaint"; and "Article Regarding Unnecessary Use of Force." (Doc. 74.) Mr. Anglin did not file an opposition to Defendants' request; however, in light of Mr. Anglin's pro se status, the Court considers the merits of Defendants' requests and supporting arguments.

1. "Medical Documents Describing Injuries"

Defendants seek to preclude Mr. Anglin from introducing his medical and dental recordings, including the CDCR Form 7219,[1] arguing that they lack foundation, are irrelevant, and contain inadmissible hearsay. (Doc. 74 at 2.)

To introduce a document into evidence, the proponent must offer testimony from a witness with personal knowledge that can attest the document is what the proponent claims it is, to lay a foundation, and to authenticate the document. Fed. R. Evid. 602, 901(a). Defendants argue that Mr. Anglin will be unable to lay a foundation for his medical and dental records because "he lacks personal knowledge concerning the content of these records." (Doc. 74 at 2.) Defendants contend that without a foundation, the records are irrelevant. (*Id.*) The Court notes that Mr. Anglin's witness list does not include a medical professional who may have created the records or a custodian of records to authenticate the records. However, the Court cannot now conclude that Mr. Anglin is unable to establish foundation of the January 9, 2019 medical record and his CDCR Form 7219, given the witnesses on the defendant's list. (Doc. 81 at 3, 13.)

However, Mr. Anglin also has medical records from visits on January 10th and 11th. (Doc. 81 at 3.) The medical professionals who treated Mr. Anglin on those days, Ramona James, R.N. and Harold Tate, M.D., no longer appear on either party's witness list. (*Id.* at 12-13.) Consequently, no witness will be available at trial who has personal knowledge of the statements contained in the medical records from January 10th and 11th. Thus, it appears that Mr. Anglin may not be able to establish a foundation for these records. However, once again, the witnesses

---

[1] The CDCR Form 7219 is a form completed by a nurse or other prison medical staffer who examines an inmate after an incident. (Doc. 74 at 2, n.2.)

8

on the defendants' list may be able to do so.

With respect to Defendants' hearsay argument, they contend that the records and CDCR Form 7219 constitute out-of-court statements by third parties, offered for the truth of the matter asserted, and not subject to any hearsay exception. (Doc. 74 at 2.) The prohibition on hearsay makes inadmissible statements made by a declarant while not testifying in court and when offered for the truth of the matter asserted. Fed. R. Evid. 801(c). However, many hearsay exceptions exist to admit prior out-of-court statements. Fed. R. Evid. 803. For example, the records of a regularly conducted activity exception often applies to medical records. Fed. R. Evid. 803(6); *United States v. Hall*, 419 F.3d 980, 987 (9th Cir. 2005) ("The medical records ... were records kept in the ordinary course of business, classic exceptions to the hearsay rule."). For regularly conducted activity records exception to apply, the proponent must provide testimony by someone with knowledge of when the record was made, the record keeping practices of the organization, and the process of keeping the record being offered. *See* Fed. R. Evid. 803(6). Though Mr. Anglin does not have any witness on his list to satisfy these criteria, defense witnesses *may* have the requisite knowledge to meet this hearsay exception.[2]

Accordingly, if Mr. Anglin can establish the proper foundation to authenticate and establish the hearsay exception on cross-examination, he may introduce be able to introduce these records. However, the Court is unable to determine this at this time. On the other hand, whether these hurdles can be overcome, Mr. Anglin may testify as to his subjective perception of his pain, discomfort, etc. On the other hand, the Court will not allow evidence that falls within the realm of expert testimony, such as diagnosis and prognosis. Thus, Defendants' motion to exclude Mr. Anglin's medical and dental records is **GRANTED in part** and **RESERVED in part**.

---

[2] To the extent the records contain prior statements made by Mr. Anglin about his condition, i.e., what he was feeling at the time he sought treatment, these statements would not be hearsay (under Rule 801(d)(1); Rule 803(4) (exception to hearsay for statements made for medical diagnosis or treatment)). However, they would be unduly cumulative of Mr. Anglin's testimony during trial, such that they have little to no probative value. Fed. R. Evid. 403. Prior consistent statements by a testifying witness, however, may be used to rehabilitate a witness or rebut an attack on credibility. Fed. R. Evid. 801(d)(1). Accordingly, Mr. Anglin may only present his own prior statements contained within the medical records, if needed to rehabilitate an attack on his testimony regarding his symptoms, pain, and condition following the incident.

9

      2. <u>"Staff Misconduct Complaint"</u>

Second, Defendants seek to exclude an exhibit entitled "Staff Misconduct Complaint." (Doc. 74 at 2.) In their initial motion, filed before the deadline for the parties to exchange exhibits, Defendants stated they were uncertain which document this exhibit refers to but believed it to be either Mr. Anglin's administrative (Form 602) appeal or "some other complaint of wrongdoing or misconduct by a Defendant." (*Id.*) On November 9, 2022, more than a week after the exhibit exchange deadline, the Court ordered Defendants to supplement their motion with Mr. Anglin's identified exhibit. (Doc. 79.) Defendants informed the Court that Mr. Anglin had not yet provided any of his exhibits to Defendants, but Mr. Anglin told Defendants that the "Staff Misconduct Complaint" refers to his Form 602 administrative appeal. (Doc. 85 at 2.)

Defendants object to the introduction of the Form 602 administrative appeal and any documents related to that appeal "unless it is properly authenticated under Federal Rule of Evidence 901" and "to the extent that the document contains inadmissible hearsay." (Doc. 74 at 2.) Defendants admit, however, that Mr. Anglin can establish foundation for his own "handwritten appeal," given that he has personal knowledge of the matter. (*Id.* at 2 n.3.) Defendants also concede that the information in the Form 602 regarding Mr. Anglin's account of the incident is not hearsay but rather a prior statement of the declarant. (*Id.*) Nonetheless, Defendants argue Mr. Anglin's prior consistent statements in the 602 Form would be unduly cumulative to his testimony during trial such that the relevance is outweighed by the prejudicial effect under Rule 403. (*Id.*) Under Federal Rule of Evidence 801(d)(1)(B), a proponent may offer a prior consistent statement of a testifying witness to (1) "rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying" or (2) to "rehabilitate the declarant's credibility as a witness when attacked on another ground." Accordingly, Mr. Anglin may rely upon his prior statements in the Form 602 administrative appeal, **but only** to rehabilitate an attack on his testimony or to rebut any attempt to impeach the truthfulness of his testimony. **Mr. Anglin may not, however, offer the Form 602 as part of his initial testimony on direct examination**.

Defendants have not identified any other part of the Form 602 which allegedly contains

inadmissible hearsay statements by third parties. (*See* Doc. 74 at 2.) Upon review of the form for third-party statements, the Court has found only brief annotations by staff processing the form. (*See* Doc. 85 at 7.) Although the staff who made these annotations, T. Gonzalez and B. Cates, do not appear on the witness lists, it seems likely the public records exception to hearsay would apply given that the staff made the written statements pursuant to their legal duty to investigate and process inmate complaints. Fed. R. Evid. 803(8); *see also Garcia v. Folks*, 2019 WL 1452904, at *6 (E.D. Cal. Apr. 2, 2019) (finding statements made by an Office of the Inspector General employee in a report investigating inmate complaints fell under the public records exception). Because Defendants have not clearly established that any remaining portion of the Form 602 contains inadmissible hearsay not subject to an exception, their hearsay argument fails.

Defendants remaining arguments to exclude the "Staff Misconduct Complaint" were made under the assumption that this exhibit may include other complaints of wrongdoing or misconduct by a Defendant. (Doc. 74 at 2-4.) Because Mr. Anglin clarified the exhibit refers to his Form 602, not any other inmate's misconduct complaint, the Court need not address these arguments.[3] Accordingly, Defendants' motion to exclude the "Staff Misconduct Complaint" exhibit is **DENIED**; however, **Mr. Anglin may only introduce his statements for the purposes of rebuttal and rehabilitation as described above**.

3. "Article Regarding Unnecessary Use of Force"

Defendants also seek to exclude an exhibit entitled "Article Regarding Unnecessary Use of Force." (Doc. 74 at 4.) Defendants argue the document likely contains inadmissible hearsay and that Mr. Anglin will be unable to authenticate it. (*Id.*) As of November 11, 2022, more than a week after the pretrial order's deadline for the parties to exchange all exhibits, Mr. Anglin still had not provided this document to Defendants. (Doc. 85 at 1-2.) Without having the document to review, it is difficult for Defendants and the Court to fully determine the admissibility of the exhibit. Nonetheless, the title of the exhibit suggests that Mr. Anglin intends to introduce an

---

[3] As explained with respect to the medical records, Defendants' argument to exclude the Form 602 because Mr. Anglin failed to provide it by the deadline for exhibit exchange because Defendants admitted they already had the Form 602 and suffered no prejudice from Mr. Anglin's delay. (*See* Doc. 85 at 2, n.1.)

11

article written by a third party and which most likely contains opinions regarding the amount of force reasonably necessary in certain situations. None of Mr. Anglin's witnesses, the list comprising himself, another inmate, and the Defendants, will be able to lay a foundation or authenticate the article because they lack personal knowledge of its contents. Fed. R. Evid. 602, 901(a). Even if the article is self-authenticating—for instance, as an official publication (Rule 902(5)) or as a newspaper or periodical (Rule 902(6))—the third-party authorship presents a significant hearsay problem. The out-of-court statements containing opinions about the amount or type of force reasonably necessary are likely relevant only for their truth and not subject to any hearsay exception.[4]

Finally, Mr. Anglin's failure to provide this exhibit within the required deadline caused unfair prejudice to Defendants. Unlike with respect to Mr. Anglin's medical records and his Form 602 administrative appeal which Defendants had independent access to without having to rely on Mr. Anglin's production, Defendants have not been able to identify or locate the article referred to in Mr. Anglin's exhibit list. (Doc. 85 at 1-2.) Therefore, they could not fully form their motion in limine arguments or craft a strategy for rebuttal against the article. For all the reasons stated above, Defendants' motion to exclude the "Article Regarding Unnecessary Use of Force" exhibit is **GRANTED**.

## IV.   ORDER

Based on the foregoing, the Court **ORDERS**:

1. Mr. Anglin's motion in limine (Doc. 78) is **GRANTED in part, DENIED** and **DENIED in part**.
2. Defendants' motion in limine (Doc. 74) is **GRANTED in part, DENIED, DENIED in part** and **RESERVED in part.**

IT IS SO ORDERED.

Dated:   **December 2, 2022**

_/s/ Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE

---

[4] Mr. Anglin cannot rely on the statements in learned treatises, periodicals, or pamphlets exception because he does not have an expert to provide the necessary authenticating testimony. *See* Fed. R. Evid. 803(18).